ELLIS ARNOFF and Others, as Executors of and Trustees under the Last Will and Testament of LOUIS ARNOFF, Deceased, Respondents, *v.* THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, July 13, 1936.

*O'Connor & Farber* [*Earle R. Koons* of counsel], for the appellant.

*Otto A. Samuels*, for the respondents.

PER CURIAM. This is an appeal by defendant from an order granting summary judgment in favor of the plaintiffs.

The action is upon a written guaranty of two interest warrants which guaranty provides that the defendant will " hereby guarantee to the legal holder of this Bond Certificate the payment of the principal thereof and of the attached interest warrants as the same fall due, according to their tenor upon condition that at its option it is to be allowed twelve months from the date of maturity of such Bond Certificate, whether by lapse of time, declaration or otherwise, within which to pay the principal amount, but with interest in the meantime."

The interest warrants, which were signed by the American Trust Company as trustee, read as follows: " Due to bearer on the 15th day of ———— but payable only out of such money properly applicable to the payment hereof as may be received by American Trust Company, as Trustee * * * $30 in United States gold coin or its equivalent * * * being six months' interest then due on the share of the 6% Serial Gold Bond of B & C Nieberg Realty Co., Inc. evidenced by and subject to all the provisions of certificate No. ———— issued by the undersigned, dated as of the 15th day of May, 1927."

The warrants were attached to certificates. The certificates refer to a bond and mortgage the terms of which are set forth in a trust indenture.

Defendant contends that certain provisions contained in the certificates as well as others set forth in the trust indenture and referred to in the certificates are to be read into the guaranty. We do not so interpret that document. It guarantees the payment of the warrants according to their tenor as they fall due, with the sole proviso for a moratorium period of twelve months as to the principal but with interest in the meantime. The phrase " according to their tenor " contained in the guaranty appears to refer solely to the time when the warrants fall due. Even though it be given the broader meaning so as to include all the conditions of the warrants by reference it does not fairly place a warrant holder on notice of any restriction on the principal debtor's absolute promise to pay interest warrants on maturity. (See *Cunningham* v. *Pressed Steel Car Co.*, 263 N. Y. 671.)

In any event, the provision contained in the certificate that the bond and mortgage and guaranty are held by the trustee for the benefit of the bearer should not be construed to prevent suit by the holder on the guaranty. Such interpretation would nullify the express promise in the warrant to pay bearer and that in the guaranty to pay the holder.

Judgment and order affirmed, with ten dollars costs.

All concur. Present — LEVY, CALLAHAN and FRANKENTHALER, JJ.